FILED

2026 Feb-20  AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONYA ROGERS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-49-ACA** |
| | } | |
| **SMI STEEL, INC d/b/a** | } | |
| **COMMERCIAL METALS** | } | |
| **COMPANY,** | } | |
| | } | |
| **Defendant.** | | |

## MEMORANDUM OPINION

Plaintiff Tonya Rogers worked for Defendant SMI Steel, Inc. d/b/a Commercial Metals Company ("Commercial Metals") for almost thirty years. Commercial Metals unexpectedly terminated Ms. Rogers's employment in January 2023. Believing her termination was because of her race, Ms. Rogers filed this lawsuit alleging a violation of 42 U.S.C. § 1981. (Doc. 19). Commercial Metals moves to dismiss (doc. 20), and Ms. Rogers did not file a response to the motion. Because her complaint fails to state a claim, the court **WILL GRANT** the motion and **WILL DISMISS** the amended complaint **WITH PREJUDICE**. (*Id.*).

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Ms. Rogers, a White female, worked for Commercial Metals in its human resources department for almost thirty years. (Doc. 19 ¶¶ 1, 7, 29). During her employment, she maintained satisfactory performance reviews, received a promotion and bonuses, and had not been disciplined. (*Id.* ¶¶ 8–10, 24). Nevertheless, Commercial Metals terminated Ms. Rogers's employment in January 2023. (*Id.* ¶ 7).

Initially, Commercial Metals represented that Ms. Rogers's termination was without cause. (*Id.* ¶¶ 12–13). But when Ms. Rogers decided not to sign a severance package (doc. 19 ¶ 11), Commercial Metals's in-house counsel—Britney Prince, a Black female—informed Ms. Rogers that her termination was with cause because of "performance deficiencies" (*id.* ¶¶ 13–15; doc. 19-1). After her termination, Commercial Metals represented to the Alabama Department of Labor that Ms. Rogers voluntarily retired. (Doc. 19 ¶ 18; doc. 19-2). Commercial Metals did not terminate any Black employees at the same time nor in a similar fashion. (Doc. 19 ¶¶ 17, 33).

## II.    DISCUSSION

Section 1981 prohibits intentional discrimination "in private employment on the basis of race." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). To state a claim for racial discrimination, the plaintiff must plead "enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks omitted); *see also Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985) (noting that the elements of racial discrimination are identical for § 1981 and Title VII claims).[1]

Ms. Rogers's complaint does not plead enough information to suggest intentional racial discrimination. In total, Ms. Rogers relies on three allegations: (1) her supervisor and Commercial Metals's in-house counsel were Black; (2) no Black employees were terminated at the same time or in the same manner as Ms. Rogers; (3) Commercial Metals fired her despite satisfactory performance reviews and work history. (Doc. 19 ¶¶ 12–13, 15–17, 24–31, 33). But these allegations are not sufficient. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1273–74 (11th Cir. 2004) (noting that cursorily alleging that the defendant treated individuals of a different race better is not sufficient to state a claim). Other allegations are

---

[1] Because the court concludes that Ms. Rogers's complaint does not state a claim for relief, it does not address Commercial Metals's statute of limitations argument. (Doc. 20 at 3–4).

conclusory. *See id.* at 1271; (*see* doc. 19 ¶¶ 19–21, 32). Accordingly, the court must disregard those allegations. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018).

Ms. Rogers alleges that Commercial Metals did not state a reason for her termination, so it must have fired her based on her race. (Doc. 19 ¶¶ 30, 32). But this ignores that "an employer can generally fire or discipline an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, so long as that action is not for a discriminatory reason." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023) (quotation marks omitted). And Ms. Rogers has not pleaded sufficient facts to establish that Commercial Metals fired her for a discriminatory reason. *Cf. McCarthy v. City of Cordele*, 111 F.4th 1141, 1146–47 (11th Cir. 2024) (holding that the plaintiff sufficiently alleged racial discrimination when the plaintiff pleaded that decisionmakers made racially charged comments, were of a different race, and replaced him with a candidate of a different race). Accordingly, the court **WILL GRANT** Commercial Metals's motion. (Doc. 20).

## III.    CONCLUSION

Because Ms. Rogers's complaint does not state a claim, the court **WILL GRANT** Commercial Metals's motion and **WILL DISMISS** the amended complaint **WITH PREJUDICE**. (Doc. 20).

**DONE** and **ORDERED** this February 20, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE